NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1494
_____

UNITED STATES OF AMERICA

v.

LESTER ANDERSON,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-13-cr-00119-001)
District Judge: Hon. Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 25, 2016
_____

Before: VANASKIE, SHWARTZ, and KRAUSE, *Circuit Judges*

(Filed: March 17, 2016)
_____

OPINION*
_____

VANASKIE, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Appellant Lester Anderson appeals the District Court's denial of his motion to suppress evidence that Anderson contends was obtained in violation of the Fourth Amendment. The District Court denied Anderson's motion, concluding that the police conduct in entering his home and arresting him were reasonable due to exigent circumstances. For the reasons discussed below, we agree that the police conduct was reasonable for Fourth Amendment purposes due to the presence of exigent circumstances. Accordingly, we will affirm the District Court's judgment.

I.

At approximately 4:30 a.m. on December 31, 2012, Officer Lamont Lister went into a 7-Eleven while on duty. Because Officer Lister was on restricted duty at the time, he was unarmed and not in uniform. While Officer Lister was inside the 7-Eleven, a masked man entered the store and drew a gun on the cashier, demanding that he open the register. After taking the money from the register, the robber walked out of the store. Officer Lister followed the thief and called 911 to report the robbery. At some point, the robber removed his ski mask and Officer Lister saw his face. Officer Lister continued to follow the perpetrator and saw him enter either 2216 or 2218 Bonsall Street.[1]

A few minutes later Officer William Mayhew arrived and approached the front door of 2216 Bonsall Street along with Officer Lister, while another officer secured the back of the home. The door was slightly ajar, so it swung open when Officer Mayhew knocked. Officer Mayhew entered through the open door into an enclosed porch,

---

[1] The front doors of the two addresses were adjacent and shared a set of stairs. Officer Lister saw Anderson go up the stairs but did not see which door he entered.

followed by Officer Lister. Anderson approached the doorway from inside and said: "What the fuck are you doing in my house?" (Jt. App., Vol II, at 85.) Officer Lister then stated, "That's him." (*Id.*) Officer Mayhew grabbed Anderson and a struggle ensued. Officer Mayhew was able to subdue Anderson and put him in handcuffs. Anderson was taken out of the house to a police vehicle, where another scuffle took place. During this encounter, Officer Lister heard a "metallic clank" and observed a 9mm handgun on the ground. (*Id.* at 86.) Officer Lister recognized the handgun as the weapon he had seen Anderson wield during the robbery. After Anderson was again under control, the cashier from the 7-Eleven arrived at the scene and identified Anderson as the robber. Thereafter, police secured a search warrant for 2216 Bonsall Street and found $57 in cash and a black ski mask inside. Additionally, while in police custody, Anderson confessed to the robbery.

A federal grand jury sitting in the Eastern District of Pennsylvania indicted Anderson on one count of robbery which interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a); one count of using, carrying, and brandishing a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Anderson moved to suppress the handgun, cash, black ski mask, Officer Lister's identification, and Anderson's confession, alleging that the officers violated his Fourth Amendment right to be free from unreasonable searches and seizures by entering his house. After an evidentiary hearing, the District Court denied the motion, concluding that the police conduct was reasonable

3

due to exigent circumstances. Thereafter, Anderson pleaded guilty to all three counts, but preserved his right to appeal the District Court's denial of the motion to suppress.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. "We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and we exercise plenary review over questions of law." *United States v. Lowe*, 791 F.3d 424, 427 (3d Cir. 2015) (quoting *United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006)). Specifically, "on appeal from a decision involving the presence or absence of exigent circumstances justifying a warrantless search or seizure, this Court will review the district court's findings of fact for clear error, but will review its conclusion that those facts establish a legal exigency de novo." *United States v. Mallory*, 765 F.3d 373, 383 (3d Cir. 2014).

## III.

A warrantless search or arrest made within a home is presumptively unreasonable. *See Payton v. New York*, 445 U.S. 573, 587 (1980). Nonetheless, a warrantless search or seizure occurring within a home may be sustained where probable cause and exigent circumstances exist. *Kentucky v. King*, 563 U.S. 452, 459 (2011); *Mallory*, 765 F.3d at 383. "Examples of exigent circumstances include, but are not limited to, hot pursuit of a suspected felon, the possibility that evidence may be removed or destroyed, and danger to the lives of officers or others." *United States v. Coles*, 437 F.3d 361, 366 (3d Cir. 2006). Factors that support a finding of exigent circumstances include: (1) the gravity of the crime that has been committed; (2) a reasonable belief that the suspect is armed; (3) a

4

clear showing of probable cause based upon reasonably trustworthy information; (4) a strong belief that the suspect is in the premises; (5) "a likelihood that the suspect will escape if not swiftly apprehended"; and (6) peaceable entry, affording the suspect "an opportunity to surrender . . . without a struggle and thus to avoid the invasion of privacy involved in entry into the home." *Dorman v. United States*, 435 F.2d 385, 392–93 (D.C. Cir. 1970)(en banc).[2]

The District Court accurately recounted the evidence supporting its findings that each of the *Dorman* factors was satisfied: Officer Lister had witnessed a violent crime, the armed robbery of a convenience store. The perpetrator retained the weapon after leaving the store, and was followed to the residence on Bonsall Street. The police arrived at the residence just minutes after the suspect entered it. Office Lister was concerned that the suspect would get away if not apprehended immediately. Officer Mayhew acted reasonably in knocking on the door, and the door opened without use of force. When the door opened, Officer Mayhew was confronted by a man whom Officer Lister identified as the suspect. The District Court's findings of fact are supported by the record, and its legal conclusion that the exigencies of the circumstances warranted the entry into the home and the arrest of Anderson is not erroneous. Accordingly, the motion to suppress was properly denied.

## IV.

For the forgoing reasons, we will affirm the District Court's judgment.

---

[2] The Supreme Court has referred to *Dorman* as "a leading federal case defining exigent circumstances." *Welsh v. Wisconsin*, 466 U.S. 740, 751 (1984).